UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>              Plaintiff,<br><br>v.<br><br>DONALD HOLBROOK,<br><br>              Defendants. | Case No. C19-6253-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 20, 2020 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed in forma pauperis (IFP) and a proposed civil rights complaint (Dkt. 1). For the reasons below, the Court recommends this action be **DISMISSED without prejudice**.

## DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

proposed actions each year. *See in re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JL (W.D. Wash. Aug. 23, 1999).

At the time plaintiff filed his application to proceed IFP on December 28, 2019, he had already filed three proposed § 1983 actions in the year 2019. *See Demos v. U.S. Attorney General*, No. C19-59-JCC (W.D. Wash.); *Demos v. U.S. Attorney General*, No. C19-392-RSM (W.D. Wash.); *Demos v. Satterberg*, No. C19-396-JCC (W.D. Wash.). Accordingly, the instant action is barred by order of this District and the Court should **DISMISS the action without prejudice**. *See in re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982); *Demos v. Royse*, No. C19-1698-JLR (W.D. Wash. Dec. 13, 2019) (dismissing action without prejudice based on bar order).

Additionally, plaintiff's proposed complaint contains conclusory allegations that defendants subjected him to "retaliatory disciplinary hearing findings of guilt and sanctions"[1] but does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). Accordingly, if the Court declines to dismiss the action pursuant to the bar order as recommended above, the Court should deny plaintiff's IFP application (Dkt. 1) in accordance with 42 U.S.C. § 1915(g), order plaintiff

---

[1] The Court also notes that plaintiff's conclusory allegations are insufficient to state a claim.

REPORT AND RECOMMENDATION - 2

to pay the $400.00 filing fee within thirty days of the District Court's order and, if the fee is not paid, dismiss this case without prejudice.

## WRITTEN OBJECTIONS

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **March 20, 2020**, as noted in the caption.

Dated this 28th day of February, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge